**SEDGWICK LLP**
PHILIP R. COSGROVE, State Bar No. 92564
*philip.cosgrove@sedgwicklaw.com*
RYAN E. COSGROVE, State Bar No. 277907
*ryan.cosgrove@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone: 213.426.6900
Facsimile: 877.547.6580

Attorneys for Defendant
FCA US LLC (f/k/a Chrysler Group LLC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FAYE and GERALD OWINGS,<br><br>    Plaintiffs,<br><br>v.<br><br>FCA US LLC; CHRYSLER GROUP LLC; CHRYSLER LLC; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 1:16-CV-01745-LJO-EPG<br><br>[Assigned to: Hon. Lawrence J. O'Neill, District Judge; and Hon. Erica P. Grosjean, Magistrate Judge]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:  None |

    The parties having stipulated to the entry of this Protective Order, and the Court otherwise being advised;

    IT IS ORDERED that the following provisions and conditions shall govern the parties and FCA US LLC, formerly known as Chrysler Group LLC ("FCA US"):

    1.    In response to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) disclosures and discovery in this matter, FCA US will identify responsive materials that it considers proprietary and competitively sensitive, and that it wishes to protect from dissemination outside the confines of this litigation.  This Protective Order shall control the disclosure and dissemination of such documents and information, and shall apply to all parties in this case and to other persons as described herein.

2. FCA US shall designate material confidential only after determining that the material is a trade secret or other confidential, research, development or commercial information, or is otherwise considered confidential under applicable law.

3. In responding to written discovery, FCA US may designate any portion of its response which contains trade secret or other confidential, research, development or commercial information, or information otherwise considered confidential under applicable law by marking the material, in a manner which will not interfere with its legibility, with the words "This document is subject to a Protective Order in *Faye and Gerald Owings v. FCA US LLC,*" "Confidential," or a similar designation.

4. In any deposition, if the deponent's testimony is deemed confidential, FCA US will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

5. Any confidential information that FCA US provides to a party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

6. Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

7. Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

8. Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A, certifying that the recipient will not disclose confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for a party and furnished to counsel for FCA US upon the conclusion of this litigation.

9. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

10. In the event that any discovery materials designated as subject to this Protective Order are included with, or the contents thereof are in any way disclosed in, any pleading, motion or other paper filed with this Court, such confidential document or information shall be submitted in accordance with Local Rule 141.

11. Information designated as "Confidential" may be referred to by a party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court in accordance with Local Rule 141.

12. If, at the time of trial, a party intends to introduce into evidence any information designated as Confidential, that party shall give timely notice of such intention to the Court and counsel for FCA US may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. The party claiming information is confidential shall have the burden of proving that confidentiality.

13. After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by FCA US and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order.

14. All documents and copies of documents designated as Confidential shall be returned to FCA US at the conclusion of this case.  This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

15. The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

16. In the event that a party disagrees with FCA US's designation of any item as Confidential and subject to this Protective Order, the party shall send a written notice to FCA US specifying the items in question.  In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order.  Any such items shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

17. Neither plaintiff(s) nor defendant(s) or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

/ / /

/ / /

/ / /

18. The terms of this Protective Order shall remain confidential and this Protective Order shall not be used, disclosed, or cited by any party hereto in connection with any other proceeding, except in connection with a motion seeking enforcement of the provisions of this Protective Order.

**STIPULATED AND AGREED TO:**

DATED: March 13, 2017          LAW OFFICES OF WAGNER & JONES LLP

By:   /s/ *Daniel Kopfman*
      NICHOLAS WAGNER
      DANIEL KOPFMAN
      Attorneys for Plaintiffs
      FAYE and GERALD OWINGS

DATED: March 13, 2017          SEDGWICK LLP

By:   /s/ *Philip R. Cosgrove*
      PHILIP R. COSGROVE
      RYAN E. COSGROVE
      Attorneys for Defendant
      FCA US LLC (f/k/a Chrysler Group LLC)

Pursuant to the Electronic Case Filing Administrative Policies and Procedures, I certify that the content of this document is acceptable to counsel for Plaintiffs and I have obtained authorization from counsel for Plaintiffs to affix his electronic signature to this document.

DATED: March 13, 2017          SEDGWICK LLP

By:   /s/ *Philip R. Cosgrove*
      PHILIP R. COSGROVE
      RYAN E. COSGROVE
      Attorneys for Defendant
      FCA US LLC (f/k/a Chrysler Group LLC)

# EXHIBIT "A"

# WRITTEN ASSURANCE

STATE OF CALIFORNIA

COUNTY OF MADERA

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 20\_\_, in *Faye and Gerald Owings v FCA US LLC,* that I have been given a copy of and have read the Protective Order and understand its terms.  I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure.  Further, I agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of California, Fresno Division, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____

Subscribed and sworn to before me this _____ day of _____, _____.

_____

NOTARY PUBLIC

## Order

The Court has reviewed the above stipulated protective order and adopts it. The Court also clarifies paragraph 16 to describe the procedure for seeking leave of court to file a motion challenging a confidentiality designation: Counsel must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Prior to the conference, the Court will require the parties to submit letter briefs of no more than 3 pages in length to chambers for review. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution is reached, the Court will consider whether the filing of a formal motion is appropriate.

IT IS SO ORDERED.

Dated: **March 20, 2017**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE